O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY KONTOS, | ) | Case No. EDCV 13-01398 DDP (KESx) |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S MOTION** |
| | ) | **FOR LEAVE TO FILE AMENDED** |
| v. | ) | **COMPLAINT TO REVIVE FTCA CLAIM** |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | [Dkt. No. 75] |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the Court is Plaintiff Anthony Kontos's Motion for Leave to File an Amended Complaint. (Dkt. No. 75.) Plaintiff recently found counsel to represent him, leading to the filing of this Motion in an attempt to revive Plaintiff's Federal Torts Claim Act ("FTCA") cause of action against the United States. (Id.) The Government opposes this motion. (Dkt. No. 78.) Finding this matter suitable for decision without oral argument, the Court adopts the following Order based on the parties' submissions.

I.   BACKGROUND

This case began as a civil rights case filed by pro se Plaintiff Anthony Kontos. (See generally Compl., Dkt. No. 4.) Plaintiff asserted claims against various defendants, including the

United States, based on alleged violations of his Eighth Amendment rights.  (Id.)  Plaintiff alleged he received inadequate medical care when he was in federal custody.  (Id.)  This medical care was necessary because Plaintiff suffered a debilitating eye and face injury after another inmate threw a rock at Plaintiff's eye.  (Id.)

Plaintiff acknowledged in his original complaint that he was unclear on the exact legal and procedural process required to make his claims, stating that he was pursuing an administrative claim with the Federal Bureau of Prisons ("BOP").  (Id. at 2.)  Plaintiff attached his FTCA Form 95 Tort Claim to his complaint.  (Id.)  Plaintiff also stated that he filed the complaint so as to make sure he would not be time barred for his tort and Bivens claims.  (Id. at 2-3.)

The Magistrate Judge screening Plaintiff's pro se complaint issued a detailed order dismissing the complaint with leave to amend, explaining how and what Plaintiff had to amend.  (See generally Order, Dkt. No. 2.)  Plaintiff filed a First Amended Complaint thereafter.  (Dkt. No. 11.)  This was also dismissed with leave to amend based on the Magistrate Judge's instructions.  (Dkt. No. 12.)  Plaintiff then filed a Second Amended Complaint.  (Dkt. No. 13.)  Then, the Magistrate Judge ordered Plaintiff to serve the parties the Magistrate understood to be the three remaining Defendants: Sterling, Quinn, and Ortiz.  (Dkt. No. 15.)  After some issues with service, Plaintiff served these three individuals, as well as serving the U.S. Attorney General, the U.S. Attorney in Los Angeles, California, and the prison where the events at issue in the case occurred.  (Dkt. Nos. 21, 22.)

The United States and the three individual Defendants filed several ex parte applications for an extension of time to respond to the complaint. (Dkt. Nos. 24, 31, 39.) The Defendants then filed a motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12, arguing in part that the United States should be dismissed from the case because Plaintiff had no FTCA claims in the Second Amended Complaint. (Mot. Dismiss, Dkt. No. 38, at 11-12.) Plaintiff opposed the Motion, stating that he was confused about the United States' argument because "at least to Kontos this Court has made it abundantly clear the United States already was protected by sovereign immunity" and that the Court "explicitly instructed [Plaintiff] that he was not to sue the United States Government" in the Order dismissing Plaintiff's original complaint. (Opp'n, Dkt. No. 43, at 18-20.) Plaintiff stated he thought this order was in error and that he "would have the Defendants know that had the Court not advised him thusly that he would have vigorously sought to sue the United States in this instant matter and should this court allow him to do so, Kontos would make any amendment or claim necessary to do so forthwith." (Id. at 19-20; see also id. at 14.)

The Magistrate Judge issued a Report and Recommendation on the motion that did not address the United States. (Dkt. No. 49.) Both Plaintiff and Defendants filed objections to the Report. (Dkt. Nos. 54, 55.) This Court accepted the findings and recommendations of the Magistrate Judge in an Order on October 15, 2015. (Dkt. No. 61.) This Order (1) granted the motion to dismiss as to Defendant Sterling with leave to amend; (2) denied the motion as to Defendants Quinn and Ortiz; and (3) ordered Quinn and Ortiz

to file an answer and Plaintiff to amend the complaint to a Third

Amended Complaint against Sterling.  (Id.)

The Magistrate Judge granted Defendants extensions of time to

answer the complaint.  (Dkt. No. 65.)  They filed their answer on

December 14, 2015.  (Dkt. No. 68.)  Thereafter, the case was

referred to settlement.  (Dkt. No. 69.)  In February 2016,

Plaintiff obtained counsel to represent him.  (See Dkt. No. 70 (Pro

Hac Vice Application).)  Plaintiff, newly represented, filed a

Motion for Leave to File an Amended Complaint to Revive FTCA Claim

on March 17, 2016.  (Dkt. No. 75.)  The case was then referred to

this Court for proceedings.  The Government opposed the motion.

(Dkt. No. 78.)

## II.  LEGAL STANDARD

FRCP 15(a) provides for leave to amend a pleading in two ways:

(1) as a matter of right and (2) with the party's consent or the

court's permission.  Fed. R. Civ. P. 15(a).  "The court should

freely give leave when justice so requires."  Fed. R. Civ. P.

15(a)(2).  Leave to amend should be granted with "extreme

liberality" in order "to facilitate decision on the merits, rather

than on the pleadings or technicalities."  United States v. Webb,

655 F.2d 977, 979 (9th Cir. 1981) (internal quotation omitted).

However, "when a district court has already granted a plaintiff

leave to amend, its discretion in deciding subsequent motions to

amend is particularly broad."  Chodos v. West Publ'g Co., 292 F.3d

992, 1003 (9th Cir. 2002) (internal quotation omitted).

Despite the liberal amendment standard of FRCP 15(a), leave to

amend "is not to be granted automatically."  Jackson v. Bank of

Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).  The court "considers

the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." <u>In re W. States Wholesale Nat. Gas Antitrust Litig.</u>, 715 F.3d 716, 738 (9th Cir. 2013) (internal quotation omitted).

"[T]he general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal.  Futility alone can justify a court's refusal to grant leave to amend." <u>Novak v. United States</u>, 795 F.3d 1012, 1020 (9th Cir. 2015) (internal quotation and citation omitted).  "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

**III. DISCUSSION**

    **A.   Plaintiff's Motion**

Plaintiff argues that the Court should grant him leave to amend his complaint and revive his original FTCA claim.  (Mot. Amend at 1.)  Plaintiff's two-year pro se process of writing multiple complaints as ordered by the Magistrate Judge led him to drop his FTCA claims through confusion, despite his original inclusion of the claims in order to avoid a time bar and his subsequent exhaustion of the administrative procedures.  (<u>Id.</u>) Plaintiff acknowledges that the First Amended and Second Amended Complaints do not specifically list the FTCA claims after the

1  Magistrate Judge's first order to amend the complaint. (Id. at 2.)
2  But the complaints do include the United States as a Defendant and
3  Plaintiff did serve the complaint on the United States. (Id.)
4  Further, in the Motion to Dismiss, the United States is listed as a
5  Defendant and Plaintiff made arguments about his FTCA claim in his
6  opposition. (Dkt. No. 43, at 14, 18-20.) The Court's October 29,
7  2014 Minute Order regarding Plaintiff's question about his FTCA
8  claim demonstrates that Plaintiff, as a pro se Plaintiff amending
9  his complaints various times, was confused as to the status of his
10 FTCA claim, but never intended to waive it. (See Mot. Amend at 3.)

11     Plaintiff argues that he properly filed his administrative
12 claim with the BOP, which he attached to his original complaint.
13 (Id. at 4.) However, Plaintiff did not state in his pro se
14 original complaint that six months had passed since Plaintiff filed
15 his administrative complaint. (Id.) Plaintiff argues that the
16 six-month time period had been completed during the time that this
17 case was pending and going through two years of complaint
18 amendments. (Id. at 4-5.) Plaintiff claims that there is no
19 prejudice to the United States here because the Government was
20 always named as a Defendant, the facts underlying the causes of
21 action are the same, and service was completed on the United
22 States. (Id.) Thus, injustice to Plaintiff would be avoided and
23 no prejudice done to Defendant United States if Plaintiff is
24 allowed to amend his complaint and reassert his FTCA claims. (Id.
25 at 6.)

26     **B.   Defendant's Opposition**

27     The United States argues that any amendment would be futile
28 because Plaintiff's FTCA claims are time barred; thus, leave to

1    amend should be denied.  (Opp'n at 1.)  The FTCA has both an

2    administrative exhaustion requirement (28 U.S.C. § 2675(a)) and a

3    statute of limitations requirement (28 U.S.C. § 2401(b)).

4    According to Defendant, these requirements provide the window for

5    filing a suit under the FTCA for a common law tort action based on

6    the actions of federal employees in the scope of their employment.

7    (See Opp'n at 1.)  Under this scheme, a plaintiff must first

8    present the claim administratively; until the agency finally denies

9    the claim, no civil action can be filed.  (Id. at 2.)  After the

10   claim is denied, the action must be filed in federal court within

11   six months or the cause of action is barred.  (Id.)

12        Here, Defendant argues, Plaintiff submitted his administrative

13   tort claim on June 21, 2013.  (Id. (citing Dkt. No. 4 at 11.)

14   Thus, Defendant argues that Plaintiff had to wait until his claim

15   was denied by the agency or at least six months had passed before

16   filing in district court.  (Id. (citing § 2675(a)).)  Plaintiff

17   filed his original complaint on August 20, 2013, which was too soon

18   under the administrative exhaustion requirement.  Plaintiff's next

19   filings were his First Amended Complaint on October 24, 2013, and

20   his Second Amended Complaint on December 5, 2013.  However, six

21   months after Plaintiff presented his administrative claim would

22   have been December 21, 2013, and thus all these complaints were

23   still premature.  (Id.)

24        On May 14, 2014, the BOP denied Plaintiff's administrative

25   tort claim, and thus he had six months from this date to file his

26   complaint under the FTCA in federal court.  (Id. at 3.)  This

27   window closed on November 14, 2014.  (Id.)  Plaintiff referenced

28   his FTCA claim in his opposition to Defendants' Motion to Dismiss,

but indicated that he did not have an active FTCA claim at that time. (Dkt. No. 43, at 14, 18-20.) Defendant argues Plaintiff could have sought leave to amend his complaint to add the FTCA claim as his claim was now administratively exhausted. (Opp'n at 3.) However, Plaintiff failed to do so and thus the claim is now time barred. (Id.)

Further, Defendant argues that Plaintiff is not subject to equitable tolling. (Id.) Defendant acknowledges that equitable tolling does apply to the FTCA statute of limitations. (Id. at 4 (citing United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1638 (2015)).) However, Defendant argues that equitable tolling does not apply in this case because Plaintiff cannot establish he pursued his rights diligently or that extraordinary circumstances occurred here to prevent Plaintiff from timely filing. (Id. at 4-5 (citing Menominee Indian Tribe of Wisc. v. United States, 136 S. Ct. 750 (2016)).) The Government argues that lacking legal knowledge or misunderstanding the Magistrate Judge's orders are insufficient reasons to show cause for equitable tolling. (Id.)

## C.   Plaintiff's Reply

In Reply, Plaintiff asserts that equitable tolling is applicable here and is widely available in FTCA suits under the Supreme Court's decision in Kwai Fun Wong. (Reply, Dkt. No. 80, at 4-6.) Plaintiff argues that his facts are similar to the plaintiff in Kwai Fun Wong because that plaintiff also missed the statute of limitations due to multiple procedural filings and a pending motion. (Id. at 6.) Plaintiff argues that the Menominee Indian Tribe case is dissimilar to his case because there is no indication that Plaintiff was anything other than diligent in pursuing his

8

1    rights.  (Id. at 6-8.)  Plaintiff argues that he did not make

2    mistakes like the Tribe had (it failed to present its claim based

3    on a legal mistake); instead, Plaintiff had included the FTCA claim

4    and said he intended to preserve it in his opposition to the Motion

5    to Dismiss.  (Id. at 6-8; see also Opp'n, Dkt. No. 43, at 19-20.)

6    Most importantly, Plaintiff claims, there is no indication or

7    argument that the Government would be prejudiced by allowing

8    equitable tolling in this instance.  (Reply at 8-9.)

9         **D.   Court's Analysis**

10        The Court holds that leave to amend should be granted here.

11   The Government has been aware of this case since it was properly

12   served in 2014.  Plaintiff complied with the FTCA's administrative

13   exhaustion requirement and had this case pending when that

14   administrative procedure was completed.  The Government was a

15   defendant in this case at that time, as indicated in its arguments

16   in the Motion to Dismiss.  There is no indication that there would

17   be any prejudice to the United States by allowing Plaintiff leave

18   to amend because the United States has been on notice of this cause

19   of action and had a chance to address the claim in the

20   administrative proceedings.

21        Further, in his Opposition to Defendants' Motion to Dismiss,

22   Plaintiff explicitly asked for leave to amend in order to add the

23   FTCA claim if that was what was needed to preserve it.  (Dkt. No.

24   43, at 19-20 ("Kontos would have the Defendants know that had the

25   Court not advised him thusly that he would have vigorously sought

26   to sue the United States in this instant matter **and should this**

27   **court allow him to do so, Kontos would make any amendment or claim**

28   **necessary to do so forthwith**.") (emphasis added).)  The Magistrate

1  Judge's Report and Recommendation did not address this point or the
2  United States' part in the case; neither did this Court's Order
3  accepting the findings and recommendations of the Magistrate Judge.
4  During the time that Plaintiff was waiting for the Court's order on
5  these matters, Plaintiff's FTCA statute of limitations expired
6  before he could amend his complaint and allege his exhausted claim.
7  This is similar to the facts in <u>Kwai Fun Wong</u>.

8  Thus, the doctrine of equitable tolling is appropriate in this
9  case.  There is no indication that Plaintiff was anything other
10 than diligent in pursuit of this action.  These kinds of suits are
11 challenging for all pro se plaintiffs faced with strict procedural
12 requirements and challenging rules of law that control who and how
13 to sue.  Here, Plaintiff worked with the Magistrate Judge to
14 perfect his complaint and to respond to the Defendants' Motion to
15 Dismiss.  The Government has not shown that Plaintiff failed to
16 assert his claim based on a nonbinding legal decision as was found
17 in the <u>Menominee Indian Tribe</u> case, or made some other negligent
18 legal error.  Therefore, to the extent necessary, the Court
19 equitably tolls Plaintiff's FTCA statute of limitations so that
20 Plaintiff can reassert the FTCA cause of action now.

21 Now that Plaintiff has counsel, Plaintiff should be allowed to
22 amend his complaint, particularly as no Scheduling Order has been
23 issued in this case, there has been no undue delay, there is no
24 showing of prejudice to the Government, there is no allegation of
25 bad faith, and amendment would not be futile.

26 **IV.   CONCLUSION**

27 Therefore, the Court GRANTS Plaintiff thirty days leave to
28 amend his complaint to a Third Amended Complaint.  Plaintiff may

reassert his FTCA claim.  After the filing of the Complaint, the Court orders the parties to attend settlement proceedings pursuant to the Court's rules.

IT IS SO ORDERED.

Dated: May 17, 2016

DEAN D. PREGERSON
United States District Judge